SUMMARY ORDER

Appellant Noel Davila, pro se and incarcerated, appeals a judgment of the district court granting the Defendants’ motion for summary judgment, dismissing his 42 U.S.C. § 1983 complaint, which alleged that the Defendants violated his Eighth Amendment rights through their deliberate indifference to his serious medical needs. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
As an initial matter, we note that neither Defendants nor the district court *492 provided Davila with proper notice of the nature and consequences of summary judgment, as required by Vital v. Interfaith Med. Ctr., 168 F.3d 615, 620-21 (2d Cir.1999). The failure to give actual notice to a pro se litigant of the consequences of failing to respond to a summary judgment motion can constitute grounds for reversal. See Sawyer v. Am. Fed’n of Gov’t Employees, 180 F.3d 31, 34-35 (2d Cir.1999) (collecting cases). Where, however, a pro se litigant has demonstrated a clear understanding of the nature and consequences of a summary judgment motion and “the need to set forth all available evidence demonstrating a genuine dispute over material facts,” failure to provide proper notice will be deemed harmless. See M.B. # 11072-051 v. Reish, 119 F.3d 230, 232 (2d Cir.1997) (per curiam) (finding that a pro se litigant who filed a 27-page declaration of facts with 104 pages of exhibits, a 40-page memorandum of law, and a cross-motion for summary judgment understood the nature and consequences of summary judgment).
Here, the absence of notice was harmless, as the record indicates that Davila was fully aware of the requirements of summary judgment. He filed a detailed response in opposition to the motion, submitted over 150 pages of purportedly relevant documents, filed a 20 page affidavit, and attempted to thoroughly dispute the statement of material facts submitted by Defendants in their statement of undisputed material facts. Moreover, Davila raised the Defendants’ failure to provide him with such notice in his opposition to Defendants’ motion, quoting from the District Court’s Local Rule 56(b), which itself includes the required elements of a Vital notice. Davi-la thus conclusively demonstrated his understanding of the very matter a Vital notice is designed to convey. Taking into account “the nature of the papers submitted by the litigant and the assertions made therein as well as the litigant’s participation in proceedings before the District Court,” Vital, 168 F.3d at 621, we conclude that Davila knew that he was required to present evidence supporting his factual allegations, and the lack of Vital notice was harmless, see M.B. #11072-051, 119 F.3d at 232; Jova v. Smith, 582 F.3d 410, 414 (2d Cir.2009) (finding that the lack of Vital notice was harmless under similar circumstances).
We review orders granting summary judgment de novo and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003); Republic Nat’l Bank of N.Y. v. Delta Air Lines, 263 F.3d 42, 46 (2d Cir.2001); Allstate Ins. Co. v. Mazzola, 175 F.3d 255, 258 (2d Cir.1999). “In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.” Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir.2003) (internal quotations omitted).
Even construing all the facts in Davila’s favor, the record shows that the district court properly granted summary judgment to the Defendants. At the most basic level, to establish a claim under the Eighth Amendment for deliberate indifference, the plaintiff must first demonstrate that he was “actually deprived of adequate medical care.” Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir.2006). “[M]ere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.” Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. *493 1998); accord Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir.1986)(“[T]he essential test is one of medical necessity and not one simply of desirability.”).
Here, Davila failed to show that he was actually deprived of adequate medical care. Although he alleged that the Defendants failed to provide him, inter alia, medication to alleviate his chronic knee pain, the record shows that qualified physicians carefully examined Davila and concluded that this treatment was unnecessary given the condition of his knee and his overall health and mobility. Indeed, the undisputed affidavits by Davila’s treating physicians indicated that his alleged symptoms were inconsistent with (and constituted a substantial exaggeration of) his actual physical condition and that his continued refusal to adhere to his recommended treatment regime only exacerbated his symptoms and prevented further recovery. Accordingly, because the record shows that Davila received appropriate and reasonable care given his actual medical condition — and that he simply disagrees with that recommended care — his constitutional claim failed as a matter of law. Summary judgment was therefore appropriate.
As a final matter, although Davila identifies — -albeit in a perfunctory manner — various alleged procedural errors by the district court, with one exception, he fails to offer any argument with respect to those purported errors. Accordingly, those claims are abandoned. See Norton v. Sam’s Club, 145 F.3d 114, 117 (2d Cir.1998) (“Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.”); LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir.1995) (when a litigant, even if proceeding pro se, raises an issue before the district court but does not raise it on appeal, it is abandoned); accord Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005) (a party’s “single conclusory sentence” in his brief on appeal regarding a certain claim of error was tantamount to a waiver of that claim). As for Davila’s claim that he should have been allowed to amend his complaint, because the proposed amendments would only have clarified existing claims that fail as a matter of law, the district court did not abuse its discretion in denying the motion. We have considered all of Davila’s remaining claims of error and determined them to be without merit. Accordingly, there is no basis on which to challenge the judgment of the district court.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.