**REPUBLIC NATIONAL BANK OF NEW YORK, Plaintiff–Appellee,**

v.

**DELTA AIR LINES, Defendant–Appellant.**

**No. 00–9536.**

United States Court of Appeals, Second Circuit.

Argued June 19, 2001.

Decided Aug. 29, 2001.

Craig S. English, Kennedy Lillis Schmidt & English, New York, N.Y. (Charles E. Schmidt and Matthew T. Loesberg on the brief), for plaintiff-appellee.

Francis A. Montbach, Mound, Cotton, Wollan and Greengrass, New York, N.Y. (David W. Kenna on the brief), for defendant-appellant.

Before JACOBS, PARKER, and SOTOMAYOR, Circuit Judges.

JACOBS, Circuit Judge:

A 26–pound bag containing $1 million in currency went missing en route by air from New York to Moscow. The shipper, Republic National Bank of New York ("Republic"), has sued the carrier, Delta Air Lines ("Delta"), for the loss. Delta interposed as a defense the per-pound limitation of liability for lost cargo under the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. 876, reprinted in note following 49 U.S.C. § 40105 ("Warsaw Convention"; "Convention"; "Article").

Delta now appeals the judgment entered in the United States District Court for the Southern District of New York (Martin, J.), denying Delta (as carrier) the conditional right to limit its liability for lost cargo under the Warsaw Convention, *see Republic Nat'l Bank v. Delta Air Lines*, No. 98 Civ. 8729(JSM), 2000 WL 815896 (S.D.N.Y. June 23, 2000) ("*Republic I*"), and awarding Republic (as shipper) the full amount of its loss, *see Republic Nat'l Bank*

*v. Delta Air Lines,* No. 98 Civ. 8729, 2000 WL 1644483 (S.D.N.Y. Nov.2, 2000) (*"Republic II"*).

The limitation of a carrier's liability under the Warsaw Convention is conditioned upon, *inter alia,* the inclusion of specified particulars in the air waybill, which is the paper used to process the cargo. *See* Arts. 8, 9. One indispensable particular is the waybill's place of execution. *See id.* at Art. 8(a). The waybill at issue was executed at John F. Kennedy Airport in New York, but there is no entry for the place of execution in the spot designated for that datum on the face of the waybill; "JFK" appears on the face of the waybill, but in only the spot marked "Airport of Departure." The district court, after employing a "reasonable person['s] reading" of Delta's air waybill, concluded that the waybill lacked one of the required particulars, and granted summary judgment to Republic. *See Republic I,* 2000 WL 815896; *see also Republic II,* 2000 WL 1644483.

We affirm.

### I

#### A. *The Shipping Arrangements*

On December 9, 1997, Republic shipped 12 bags of U.S. currency from John F. Kennedy International Airport ("JFK") to the Moscow Collection Board at the Sheremetyevo International Airport ("SVO") using Delta as its carrier. One 26–pound bag, containing $1 million in cash, was missing when the shipping container was opened in Moscow.

Delta submitted affidavits, which are credited for purposes of summary judgment, showing that Republic and Delta had an arrangement whereby, in exchange for a reduced freight charge, Republic would prepare the waybills for its shipments, using blank Delta forms.

Republic would then deliver the currency shipments together with the completed waybills to Delta at the airport of departure.

#### B. *The Warsaw Convention*

This claim arises under the Warsaw Convention.[1] The Convention "regulate[s] in a uniform manner the conditions of international transportation by air in respect of the documents used for such transportation and of the liability of the carrier." Warsaw Convention (Introduction). If the requirements of the Convention are observed, a carrier's liability for lost cargo is limited. *See id.* at Art. 22(2); *see also Trans World Airlines, Inc. v. Franklin Mint Corp.,* 466 U.S. 243, 256, 104 S.Ct. 1776, 80 L.Ed.2d 273 (1984) (noting that "[t]he Convention's first and most obvious purpose was to set some limit on a carrier's liability for lost cargo"). It is uncontested that, if the Warsaw Convention's limitation on liability applies, Delta's liability for the lost money-bag is limited to 250 francs per kilogram, i.e., nine dollars and seven cents a pound, for a total of $235.82. *See* Art. 22(2); *Trans World Airlines,* 466 U.S. at 255–60, 104 S.Ct. 1776 (affirming Civil Aeronautics Board's currency conversion rate).

The limited liability provision requires that the air waybill contain, *inter alia:* "[t]he place and date of [the waybill's] execution" and "[t]he place of departure and of destination." *Convention* at Art. 8(a), (b).

---

**1.** Article 1(2) of the Warsaw Convention requires that the international transportation of goods be conducted within the territories of two parties to the Convention; both the United States of America and the Russian Federation are parties to the Convention.

## C. *The Air Waybill*

The lost bag was one of twelve money-filled bags transported under air waybill no. 006 5800 5570 ("the Air Waybill"). Delta's form of air waybill contains numerous blanks and boxes for the entry of information. One box is designated "Airport of Departure"; and another (as shown in the margin[2]) recites that the waybill was "Executed On" a "Date", at a "Time", and at a "Place". On the back of the waybill, an additional clause reads: "The first Carrier's address is the airport of departure shown on the face hereof."

The "Airport of Departure" on the Air Waybill is given as "JFK—SVO"; the "Executed On" section is blank except for the sub-entry "Date", which is given as "12/9/97".

The New York branch of Republic is in the practice of typing "NY" in the blank for place of execution; the Air Waybill in question, however, was prepared by Republic's London branch, which makes a practice of leaving blank the spot that calls for "Place" of execution. Delta does not dispute that notwithstanding Republic's help, Delta had ultimate responsibility for ensuring that the Air Waybill contained the necessary particulars. Appellant's Reply Brief at 8.

## D. *Prior Proceedings*

Republic filed suit against Delta on December 10, 1998, and moved for summary judgment dismissing Delta's limited liability defense on the ground that no "place of execution" was contained in the Air Waybill. Delta cross-moved to enforce the limitation.

On June 23, 2000, the district court ruled that because the Air Waybill did not contain the place of execution as required by Article 8(a) of the Warsaw Convention, Delta could not benefit from Article 22(2)'s limitation of liability. *See Republic I,* 2000 WL 815896, at *2. On November 2, 2000, the court granted Republic's summary judgment motion for an award in the amount of $1 million (plus prejudgment interest). *See Republic II,* 2000 WL 1644483, at *1–2.

### II

It is undisputed that this case is governed by the Warsaw Convention, and that the Warsaw Convention limits Delta's liability for the lost currency only if the Air Waybill "contains" the "place of execution". *See* Art. 8 ("The air waybill shall contain the following particulars: (a) The place and date of its execution; ..."); Art. 9 ("[I]f the air waybill does not contain all the particulars ... the carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability.").

On appeal, Delta urges two closely related arguments. First, Delta argues that because (a) the Air Waybill was executed at JFK Airport in New York, and (b) "JFK" appears on the face of the document as the "Airport of Departure", it therefore cannot be denied that the document "contains" "JFK" and thus contains what we know to be the place of execution. Second, Delta argues that the terms printed on the reverse side of the Air Waybill state that the airport of departure is also "[t]he first Carrier's address", and that caselaw supports the view that the first carrier's address is the place of execution.

---

2. EXECUTED ON

---

(Date) (Time) at (Place)   SIGNATURE OF ISSUING CARRIER OR ITS AGENT

"Delta's position is that one need look no further than the Air Waybill itself for the [required] particular." Appellant's Reply Brief at 8. As Delta emphasizes, the Warsaw Convention does not prescribe where or how the required particulars must be presented on an air waybill. *See Brink's Ltd. v. South African Airways,* 93 F.3d 1022, 1034 (2d Cir.1996).

Republic is apparently unable to deny that the Air Waybill was executed at JFK, and it is incontestible that "JFK" is contained in the Air Waybill under "Airport of Departure". Republic argues, however, that the document contains nothing about the place of execution, that the entry for that datum is blank, and that there is no basis for inferring that "JFK" is the place of execution because there is no basis for finding that the airport of departure is always the place of execution.

The district court found that "a reasonable person examining the waybill in this case would not be able to determine where the waybill was executed. The airport of departure is not necessarily the place where all air waybills are executed. It is not clear from the air waybill exactly where the document was executed.... Thus, a reasonable person could not be certain that JFK was the actual place of execution." *Republic I,* 2000 WL 815896, at *2. The court therefore granted summary judgment to Republic. *See id.; see also Republic II.*

### III

We review the grant or denial of summary judgment *de novo. See Federal Ins. Co. v. Yusen Air & Sea Servs. Pte. Ltd.,* 232 F.3d 312, 313 (2d Cir.2000) (per curiam). Summary judgment is appropriate only where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). Here, the parties agree that there are no disputed material facts; the only issue is whether Delta is entitled, as a matter of law, to limit its liability under the terms of the Warsaw Convention.

The first principle is that we may not "alter[ ] even slightly the plain, unambiguous language of a treaty negotiated among diverse sovereign nations." *Maritime Ins. Co. v. Emery Air Freight Corp.,* 983 F.2d 437, 440 (2d Cir.1993); *accord Chan v. Korean Air Lines, Ltd.,* 490 U.S. 122, 134, 109 S.Ct. 1676, 104 L.Ed.2d 113 (1989); *In re The Amiable Isabella,* 19 U.S. (6 Wheat) 1, 71, 5 L.Ed. 191 (1821). We have held that the requirements of Article 8(a) of the Warsaw Convention are unambiguous. *See Maritime Ins.,* 983 F.2d at 440 ("No confusion can possibly arise as to the meaning of 'the place and date of its execution'....").

However, this Court has also recognized that "the text of Articles 8 and 9, when considered separately or together, offers little guidance as to the *manner* in which an air carrier must include the particulars in the air waybill." *Brink's,* 93 F.3d at 1034 (emphasis added). We have devised three rules to determine whether the Convention limits a carrier's liability: (i) omission of a non-essential particular impairs the limitation of liability only if it transpires that the omission has commercial significance; (ii) omission of an essential particular (such as the place of execution) is fatal; but (iii) traditional methods of interpretation may be needed to decide whether the essential particular is sufficiently indicated:

[I]f an air waybill includes an essential particular, but deviates in language or some other respect, the question of whether or not Article 9 deprives the air carrier of limited liability may be deter-

mined with the assistance of traditional methods of interpretation.

*Id.* at 1033–34. "[T]raditional methods of interpretation" includes:

> consider[ing] sources outside of the text to determine whether a particular air waybill satisfies Article 8. Proper sources include the drafting history of the Convention and of the specific provisions in question, the decisions of other courts interpreting the provisions in question, particularly those of sister signatories to the Convention, and other rules of construction.

*Id.* at 1034. Then, "[a]fter considering these sources, we must determine whether the manner of compliance, or the information provided, satisfies the *purpose* of requiring the specified particular to be included in the waybill." *Id.* (emphasis added).

The purpose of the Convention itself is to "regulat[e] in a *uniform manner* the conditions of international transportation by air in respect of the documents used for such transportation and of the liability of the carrier." Warsaw Convention (Introduction); *accord El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 169, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999) ("The cardinal purpose of the Warsaw Convention, we have observed, is to achieve uniformity of rules governing claims arising from international air transportation." (internal alteration and quotation marks omitted)); *Trans World Airlines v. Franklin Mint Corp.*, 466 U.S. 243, 256, 104 S.Ct. 1776, 80 L.Ed.2d 273 (1984) ("The Convention's first and most obvious purpose was to set some limit on a carrier's liability for lost cargo."); *see also* Andreas F. Lowenfeld & Allan I. Mendelsohn, *The United States and the Warsaw Convention*, 80 Harv. L.Rev. 497, 498–99 (1967) (stating two purposes).

Particulars (a)—(f) listed in Article 8, of which the place of execution is the first, serve to notify shippers (and courts) of the "international character of the transportation and the applicability of the Warsaw Convention." *Brink's*, 93 F.3d at 1034 (referring to Article 8(c)); *accord* Minutes, Second International Conference on Private Aeronautical Law, October 4–12, 1929, Warsaw 248–49 (R.C. Horner & D. Legrez trans.1975) (containing "Report of the International Technical Committee of Aeronautical Legal Experts on the Preliminary Draft of a Convention relating to documents of air carriage by aircraft") ("The particulars indicating that a document covering international carriage is involved, that is to say, those provided for under [Article 8] letters (a) through (f), are indispensable from the point of view of the performance of the Convention.").

Article 8(a) in particular has an evident additional utility: it specifies one forum in which actions arising under the Warsaw Convention can be brought. Article 28(1) provides that a plaintiff may sue in any of four places, of which one is the place of the execution. *See* Art. 28(1) ("An action for damages must be brought ... before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination."); *see also Nebco Int'l, Inc. v. Iberia Airlines*, No. 89 Civ. 2929(CBM), 1990 WL 129170, at *1 (S.D.N.Y. Aug.24, 1990) (noting "the place where the air waybill was issued is generally regarded as the carrier's place of business through which the contract was made" for purposes of establishing jurisdiction under Article 28). Since Article 28(1) is a jurisdictional limitation, *see Smith v. Canadian Pac. Airways, Ltd.*, 452 F.2d 798, 801–02 (2d Cir.1971), it is important that the air waybill include the place of execution, and that it do so in a

way that will assist a judge anywhere in the world to make the necessary jurisdictional inquiry.

■ The district court examined the Air Waybill through the eyes of a "reasonable person" and concluded that "[i]t is not clear from the air waybill exactly where the document was executed." *Republic I*, 2000 WL 815896, at *1. The "reasonable person" analysis is one of the "other rules of construction" contemplated by *Brink's*. *See Brink's*, 93 F.3d at 1034; *see also General Elec. Co. v. Circle Air Freight Corp.*, No. 92 Civ. 6333(KMW), 1997 WL 129400, at *4 (S.D.N.Y. Mar.20, 1997) ("A reasonable person reading the CAC Air Waybill would understand that the issuer's address was the location at which the waybill was executed."). We would add only that, in this context, the "reasonable person" in question is one who is familiar (or who is made familiar) with the customs and practices of the air freight industry. Delta has offered no evidence that runs counter to the district court's conclusion.

Delta's alternative argument rests on *Martin Marietta Corp. v. Harper Group*, 950 F.Supp. 1250 (S.D.N.Y.1997), in which the court ruled that:

[t]he waybill's place of execution is clearly indicated by the appearance of the [carrier's] address in the box marked "name and address of issuing carrier/agent." The fact that it is not literally identified as the "place of execution" or that the waybill contains two other [carrier] addresses is immaterial for the purposes of satisfying Article 8(a).

*Id.* at 1253. Thus the court in *Martin Marietta* allowed a single entry on the waybill to satisfy two requirements: the place of execution, Article 8(a); and the

address of the first carrier, Article 8(e). *See also General Elec.*, 1997 WL 129400, at *4 (same, citing *Martin Marietta*). Because the Air Waybill here incorporates Delta's address by reference—the reverse side of the Air Waybill states that the airport of departure is the address of the first carrier—Delta argues that *Martin Marietta* and *General Electric* support the limitation of liability. *See also Brink's*, 93 F.3d at 1035 (allowing incorporation of Convention particulars by reference).

However, neither *Martin Marietta* nor *General Electric* discuss *why* a carrier's address (or the airport of departure) should be construed to be the place of execution.[3] Certainly, Delta offered no evidence to the district court that industry custom or practice supports that equation.

Finally, Delta emphasizes that under the judgment, Republic benefits from its own fault or wrong: "Republic's attempt to rely on its own procedures to avoid the ... limitation of liability raises troubling questions as to the true reasons for [the manner in which Republic] prepar[ed] ... air waybills. * * * Republic itself not only prepared the air waybill, but for reasons known only to Republic, decided not to write the place of execution in the space provided." Appellant's Brief at 7, 19. But these "troubling questions" bear on potential defenses at law and equity to Republic's contract claim for its un-limited $1 million loss, such as estoppel, negligent agency, or fraud, or the parties' mutual intent to limit liability or to liquidate damages. We express no view as to whether any of these lines of defense would have had merit; none of them were raised for the district court's consideration.

---

**3.** Furthermore, as Republic argues, in this case there was a section of the Air Waybill for place of execution, and it was left blank; it does not appear that there was any such omission in *Martin Marietta* or *General Electric*.

\* \* \*

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of Republic.