Patrick KENNEDY, Angela Kennedy,
Plaintiffs–Appellants,

v.

Valerie ADAMO, Harry Adamo, Exxon
Mobil Corp., Defendants–Cross–
Defendants–Appellees,

SeaRiver Maritime, Inc., Defendant–
Cross–Claimant–Appellee.

No. 08–0132–cv.

United States Court of Appeals,
Second Circuit.

April 20, 2009.

Patrick Kennedy, Angela Kennedy, pro
se, Oakdale, CT, for Appellant.

Gino A. Zonghetti, Kenny, Steans &
Zonghetti, New York, NY, for Appellees.

PRESENT: Hon. RALPH K. WINTER,
Hon. JOSÉ A. CABRANES and Hon.
ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Appellants Patrick Kennedy and Angela
Kennedy, *pro se,* appeal the District
Court's grant of defendants' motion for
summary judgment on the Kennedys' com-
plaint alleging violations of the Jones Act,
46 U.S.C.App. § 688. We assume the par-
ties' familiarity with the underlying facts,
the procedural history of the case, and the
issues on appeal.

We review orders granting summary
judgment *de novo* and focus on whether
the district court properly concluded that
there was no genuine issue as to any mate-
rial fact and the moving party was entitled
to judgment as a matter of law. *See Mil-
ler v. Wolpoff & Abramson, L.L.P.,* 321
F.3d 292, 300 (2d Cir.2003); *Republic
Nat'l Bank v. Delta Air Lines,* 263 F.3d
42, 46 (2d Cir.2001); *Allstate Ins. Co. v.
Mazzola,* 175 F.3d 255, 258 (2d Cir.1999).
In determining whether there are genuine
issues of material fact, we are "required to
resolve all ambiguities and draw all per-
missible factual inferences in favor of the
party against whom summary judgment is
sought." *Terry v. Ashcroft,* 336 F.3d 128,
137 (2d Cir.2003) (internal quotation marks
omitted).

We have determined that, although in
cases brought under the Jones Act, "[t]he
threshold requirement for establishment of
a prima facie case ... is a liberal concept
commensurate with the broad remedial

purposes [of the Act]," *Diebold v. Moore McCormack Bulk Transp. Lines, Inc.*, 805 F.2d 55, 57 (2d Cir.1986), "summary judgment is warranted where there is an absence of evidence that could 'justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury'," *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 50 (2d Cir.2004)(quoting *Diebold*, 805 F.2d at 57–58) (emphasis omitted). *See also Fitzgerald v. A.L. Burbank & Co.*, 451 F.2d 670, 681 (2d Cir.1971) (noting that a "jury is not permitted to speculate on proximate cause in the absence of reasonably persuasive proof that the negligence was the probable cause of the injury.")

Here, the district court properly granted summary judgment in favor of the defendants because the Kennedys failed to present sufficient evidence of causation, apart from speculative assertions that installation of a rearview mirror would have prevented Patrick Kennedy's injuries. Even construing all of the evidence in the Kennedys' favor, including the "new" facts they identify on appeal, there is no reasonably persuasive proof that the remedial action they allege would have prevented the accident, and, accordingly, presentation of their case to a jury would have allowed for impermissible speculation as to whether the defendants' alleged negligence was the proximate cause of the injuries. *See Fitzgerald*, 451 F.2d at 681. For these reasons, summary judgment was therefore appropriate.

Finally, we have considered all of the Kennedys' remaining claims of error and determined that they are without merit. *See United States v. Coven*, 662 F.2d 162, 176 (2d Cir.1981) (no Sixth Amendment right to counsel in civil proceedings); *United States v. Pitera*, 5 F.3d 624, 626 (2d Cir.1993) (conflict of interest warranting judge's recusal requires evidence that

"a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned").

Accordingly, there is no basis on which to challenge the judgment of the district court.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.