SUMMARY ORDER

Appellants Patrick Kennedy and Angela Kennedy, pro se, appeal the District Court’s grant of defendants’ motion for summary judgment on the Kennedys’ complaint alleging violations of the Jones Act, 46 U.S.C.App. § 688. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
We review orders granting summary judgment de novo and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003); Republic Nat’l Bank v. Delta Air Lines, 263 F.3d 42, 46 (2d Cir.2001); Allstate Ins. Co. v. Mazzola, 175 F.3d 255, 258 (2d Cir.1999). In determining whether there are genuine issues of material fact, we are “required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.” Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir.2003) (internal quotation marks omitted).
We have determined that, although in cases brought under the Jones Act, “[t]he threshold requirement for establishment of a prima facie case ... is a liberal concept commensurate with the broad remedial *35 purposes [of the Act],” Diebold v. Moore McCormack Bulk Transp. Lines, Inc., 805 F.2d 55, 57 (2d Cir.1986), “summary judgment is warranted where there is an absence of evidence that could ‘justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury,” Wills v. Amerada Hess Corp., 379 F.3d 32, 50 (2d Cir.2004)(quoting Diebold, 805 F.2d at 57-58) (emphasis omitted). See also Fitzgerald v. A.L. Burbank & Co., 451 F.2d 670, 681 (2d Cir.1971) (noting that a “jury is not permitted to speculate on proximate cause in the absence of reasonably persuasive proof that the negligence was the probable cause of the injury.”)
Here, the district court properly granted summary judgment in favor of the defendants because the Kennedys failed to present sufficient evidence of causation, apart from speculative assertions that installation of a rearview mirror would have prevented Patrick Kennedy’s injuries. Even construing all of the evidence in the Ken-nedys’ favor, including the “new” facts they identify on appeal, there is no reasonably persuasive proof that the remedial action they allege would have prevented the accident, and, accordingly, presentation of their case to a jury would have allowed for impermissible speculation as to whether the defendants’ alleged negligence was the proximate cause of the injuries. See Fitzgerald,, 451 F.2d at 681. For these reasons, summary judgment was therefore appropriate.
Finally, we have considered all of the Kennedys’ remaining claims of error and determined that they are without merit. See United States v. Coven, 662 F.2d 162, 176 (2d Cir.1981) (no Sixth Amendment right to counsel in civil proceedings); United States v. Pitera, 5 F.3d 624, 626 (2d Cir.1993) (conflict of interest warranting judge’s recusal requires evidence that “a reasonable person, knowing all the facts, would conclude that the court’s impartiality might reasonably be questioned”).
Accordingly, there is no basis on which to challenge the judgment of the district court.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.