**Suzanne Marie PEMRICK, Ph.D., Plaintiff–Appellant,**

v.

**Alfred STRACHER, Ph.D; Charles Schwarz, M.D; State University of New York (SUNY); SUNY, Brooklyn; and Research Foundation of SUNY, Defendants–Appellees.**

No. 07–3472–cv.

United States Court of Appeals, Second Circuit.

May 19, 2009.

Suzanne Marie Pemrick, pro se, East Chatham, NY, for Appellant.

Andrew M. Cuomo, Attorney General of the State of New York; Barbara D. Underwood, Solicitor General; Benjamin N. Gutman, Deputy Solicitor General; Robert C. Weisz, Assistant Solicitor General (Counsel for State Defendants); William G. Ballaine, Rebecca W. Embry, and Marka Belinfanti, Landman Corsi Ballaine &

Ford, P.C. (Counsel for Research Foundation of SUNY), for Appellees.

PRESENT: Hon. WALKER, Hon. RICHARD C. WESLEY and Hon. J. CLIFFORD WALLACE,* Circuit Judges.

### SUMMARY ORDER

Appellant Suzanne Marie Pemrick, *pro se*, appeals from a judgment of the district court, following a bench trial, dismissing her claims of discrimination under Title VII and the Age Discrimination in Employment Act ("ADEA") against the State Defendants, as well as a subsequent judgment by the district court granting the Defendants' motions for summary judgment and dismissing her state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Regarding Pemrick's discrimination claims, because the district court's judgment on these claims was entered following a bench trial, we review the court's legal conclusions *de novo* and its findings of fact for clear error. *See United States v. Coppola*, 85 F.3d 1015, 1019 (2d Cir. 1996). To prevail on a Title VII or ADEA claim, a plaintiff must show that: (1) she belonged to a protected class; (2) she applied for a position with the State Defendants; (3) she was qualified for that position; and (4) despite her qualifications, the position was given to a member of an unprotected class under circumstances that gave rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *see also Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Jetter v. Knothe Corp.*, 324 F.3d

73, 75 (2d Cir.2003) (per curiam) ("We analyze ADEA discrimination (and retaliation) claims under the burden-shifting framework of *McDonnell Douglas*."). If a plaintiff establishes a prima facie case, the burden shifts to the employer to "articulate some legitimate, non-discriminatory reason for the employee's rejection." *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817. If the employer meets this burden, the plaintiff must then demonstrate that "the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Burdine*, 450 U.S. at 253, 101 S.Ct. 1089.

As a preliminary matter, the district court properly determined that the Settlement Agreement, executed between Pemrick and the State Defendants, barred her from raising any discrimination claims based on events that occurred prior to September 11, 1987, since the agreement was the result of extensive negotiations between Pemrick's attorney and the State Defendants, was based on valid consideration, and there was no evidence of duress or fraud. *See Janneh v. GAF Corp.*, 887 F.2d 432, 436 (2d Cir.1989) ("A settlement is a contract, and once entered into is binding and conclusive."), *abrogated on other grounds by Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994). Regarding Pemrick's post–1987 claims, the record confirms that, because Pemrick failed to present sufficient evidence showing that (1) she was qualified for the subject position, and (2) the circumstances under which her application was rejected gave rise to an inference of discrimination, she did not satisfy her burden of proof,

---

* The Honorable J. Clifford Wallace Senior Judge, of the United States Court of Appeals   for the Ninth Circuit, sitting by designation.

**20**

and, accordingly, the district court correctly dismissed these claims.

 Regarding Pemrick's state law claims for conversion and replevin, we review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003); *Republic Nat'l Bank v. Delta Air Lines*, 263 F.3d 42, 46 (2d Cir.2001); *Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir.1999). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003) (internal quotation marks omitted).

As a preliminary matter, because Pemrick does not challenge on appeal the district court's determination that her state law claims against the State Defendants were barred by the Eleventh Amendment, those claims are abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995) (holding that when a litigant, even if proceeding *pro se*, raises an issue before the district court but does not raise it on appeal, it is abandoned). As to Pemrick's claims against the Research Foundation, the record shows that, pursuant to federal regulations and the terms of the grant under which the equipment was purchased, legal title to the property was held by the Research Foundation; as a matter of law, this fact defeats all of Pemrick's claims. Therefore, the district court's order granting summary judgment on Pemrick's state law claims was wholly appropriate. We have considered all of Pemrick's remaining claims of error and determined that they are also without merit.

Accordingly, there is no basis on which to challenge the judgment of the district court.

For the foregoing reasons, the judgments of the district court are hereby AFFIRMED.