SUMMARY ORDER

Appellant Shawn Gaines, pro se, appeals the district court’s grant of the Defendants’ motions for summary judgment, dismissing his complaints filed in E.D.N.Y. Dkt. Nos. 04-cv-5238 and 06-cv-5867 against the N.Y.C. Transit Authority (“TA”) and the Transport Workers Union (“TWU”), respectively, alleging violations of the Americans with Disabilities Act (“ADA”), 42 U.S.C. § 12112-12117. We assume the parties’ familiarity with the underlying facts, the procedural history of the cases, and the issues on appeal.
We review orders granting summary judgment de novo and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003); Republic Nat’l Bank v. Delta Air Lines, 263 F.3d 42, 46 (2d Cir.2001); Allstate Ins. Co. v. Mazzola, 175 F.3d 255, 258 (2d Cir.1999). In determining whether there are genuine issues of material fact, we are “required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.” Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir.2003) (internal quotations omitted).
To establish a prima fade case of discrimination under the ADA, a plaintiff must show: (1) his employer is subject to the ADA; (2) he is disabled within the meaning of the ADA; (3) he is otherwise qualified to perform the essential functions of her job; and (4) he suffered an adverse employment action because of her disability. See Jacques v. DiMarzio, Inc., 386 F.3d 192, 198 (2d Cir.2004). Moreover, under the three-step burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), if the plaintiff sets forth a prima facie case of discrimination, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions, and, to the extent that it succeeds in doing so, the plaintiff must then demonstrate that the proffered reason was merely a pretext for discrimination. See id.; Heyman v. Queens Village Committee for Mental Health, 198 F.3d 68, 72 (2d Cir.1999).
Here, the district court properly granted TA’s motion for summary judgment. Although Gaines successfully set forth a pri-ma facie case of discrimination, he failed to produce any evidence demonstrating that the October 2004 directive prohibiting “yard only” train operators from operating trains at the 239th Street Train Yard was motivated by anything other than legitimate, non-discriminatory safety concerns. Given our prior recognition that TA has a “statutory responsibility to operate the transit system for the safety of the public,” and that, pursuant to that duty, TA should be afforded “broad bounds” to determine the extent to which certain qualifications are necessary to the public interest, no reasonable jury could have found that TA’s operational change in policy was motivated by intentional discrimination. Shannon v. New York City Transit Authority, 332 F.3d 95, 103 (2d Cir.2003). Similarly, Gaines’s z’etaliation claim against TA also failed because he produced no evidence that the 2004 operational directive was animated by a retaliatory motive, given that the record showed the directive was moti *511 vated by legitimate public safety concerns. Accordingly, Gaines’s claims against TA failed as a matter of law.
Additionally, the district court also properly granted TWU’s motion for summary judgment. To establish a prima facie case for retaliation, a plaintiff must demonstrate that he engaged in a protected activity of which the defendant was aware, and that he suffered an adverse employment action as a result of that activity; i.e., that “there was a causal connection between the protected activity and the adverse employment action.” Distasio v. Perkin Elmer Corp., 157 F.3d 55, 66 (2d Cir.1998). Here, although Gaines did engage in a protected activity by filing an Equal Employment Opportunity Commission (“EEOC”) charge against TA, see Johnson v. Palma, 931 F.2d 203, 207 (2d Cir.1991) (holding that the filing of a complaint against an employer constitutes a protected activity with respect to plaintiffs retaliation claim against a union), he failed to produce evidence that TWU took any adverse action against him, given that the delays in his arbitration proceedings were reasonable, see id. (“[A]n adverse employment action may be found where a plaintiff is deprived of the ability to expeditiously ascertain and enforce his rights under [a] collective bargaining agreement with his employer.”) (internal quotations omitted). Therefore, Gaines’s claims against TWU failed as a matter of law.
Accordingly, the district court properly granted TA’s and TWU’s motions for summary judgment, and we have considered all of Gaines’s remaining claims of error and determined them to be without merit.
For the foregoing reasons, the judgments of the district court are hereby AFFIRMED.