08-2596-cv
Song v. Potter

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of January, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> JOHN M. WALKER, Jr.,
> ROSEMARY S. POOLER,
> > *Circuit Judges.*

_____

Ben Song, United States Post Office Clerk,

> *Plaintiff-Appellant,*

> v.                                               08-2596-cv

John E. Potter, Postmaster General
United States Postal Service, Agency,

> *Defendant-Appellee.*

_____

FOR APPELLANT:        Ben Song, *pro se*, Rego Park, NY.

FOR APPELLEES:        Matthew L. Schwartz, Assistant United States Attorney (of Counsel); (Preet Bharara, United States Attorney General for the Southern District of New York; Ross E. Morrison, Assistant United States Attorney (<u>of Counsel</u>)<u>on the brief</u>), New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*; Katz, *M.J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant Ben Song, *pro se*, appeals the district court's grant of the Defendant's motion for summary judgment, dismissing his complaints in S.D.N.Y. Dkt. Nos. 05-cv-8132 and 06-cv-904, which alleged employment discrimination and retaliation based on Song's race, national origin, color, and age under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abrams, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003); *Republic Nat'l*

2

*Bank v. Delta Airlines*, 263 F.3d 42, 46 (2d Cir. 2001); *Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir. 1999). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal citations omitted).

Even construing, as we must, all the facts in Song's favor, the district court properly granted the Defendant's motion for summary judgment. Accordingly, we affirm the district court's judgment for substantially the same reasons as those set forth in the magistrate judge's report and recommendation. Moreover, we have considered all of Song's claims of error and determined them to be without merit; therefore, there is no basis on which to challenge the judgment of the district court.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3