08-4574-cv
Pinkney v. Progressive Home Health Services

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of February, two thousand ten.

PRESENT:
> AMALYA L. KEARSE,
> PETER W. HALL,
> > *Circuit Judges*,
> JED S. RAKOFF[*],
> > *District Judge.*

_____

Kathy Pinkney,

> *Plaintiff-Appellant*,

> v.                                                                                     08-4574-cv

Progressive Home Health Services,
Local 1199, Service Employees
International Union, AFL-CIO,

> *Defendants-Appellees*.[**]

_____

FOR APPELLANT:               KATHY PINKNEY, *pro se*, Bronx, NY.

_____

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is respectfully directed to amend the official caption of this action to conform to the caption of this summary order.

FOR APPELLEES: JOHN D. D'ERCOLE (Donna M. Bates, of counsel, *on the brief*), Robinson Brog Leinwand Greene Genovese & Gluck P.C., New York, NY (*Attorneys for Progressive Home Health Servs.*); David M. Slutsky, Levy Ratner, P.C., New York, NY (*Attorneys for Local 1199*).

APPEAL FROM UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Kathy Pinkney, *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (Swain, *J.*; Francis, *Mag. J.*) granting Progressive Home Health Services's ("Progressive") Fed. R. Civ. P. 12(b)(6) motion to dismiss, and the Service Employees International Union Local 1199's (the "Union") motion for summary judgment, dismissing her complaint alleging that the Union breached its duty of fair representation, and that Progressive, her former employer, violated the terms of the collective bargaining agreement between it and the Union. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *see also Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Similarly, we review *de novo* orders granting summary judgment and focus on whether the district court properly concluded that there was no genuine issue as to any material

fact and the moving party was entitled to judgment as a matter of law. *See Miller*, 321 F.3d at 300; *Republic Nat'l Bank v. Delta Air Lines*, 263 F.3d 42, 46 (2d Cir. 2001); *Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir. 1999). "In determining whether there are genuine issues of material fact, we are 'required to resolve all ambiguities and draw all permissible inferences in favor of the party against whom summary judgment is sought.'" *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trus. of Columbia Univ.,*131 F.3d 305, 312 (2d Cir. 1997)).

"To prevail on a hybrid § 301/duty of fair representation claim, [a plaintiff] must demonstrate both (1) that [the employer] breached its collective bargaining agreement and (2) that [the union] breached its duty of fair representation." *Sanozky v. Int'l Ass'n of Machinists & Aero. Workers*, 415 F.3d 279, 282 (2d Cir. 2005); *accord DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983). Failure to establish that the union breached its duty of fair representation necessarily precludes the claim against the employer. *See Young v. U.S. Postal Serv.,* 907 F.2d 305, 307 (2d Cir. 1990).

"[A] union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998) (citing *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)). However, "a union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' . . . as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (quoting *Ford Motor Co. v. Huffman,* 345 U.S. 330, 338 (1953)) (citation omitted). Here, the district court properly determined that Pinkney failed to establish that the Union breached its duty of fair representation.

3

Pinkney's claim against the Union rested on her allegations that the Union did not return her phone calls, that it was "biased" against her (though she failed to articulate any specific basis for this contention), and that it failed to arbitrate her grievance concerning her termination. These facts were insufficient to show that the Union breached its duty. The evidence makes clear that the Union pursued Pinkney's grievance through the various procedures set forth in the collective bargaining agreement, and ultimately declined to arbitrate her termination based on its determination that, because Progressive's basis for firing her was well-founded, arbitration would be futile. Nothing in the record suggests that this decision was "so far outside a wide range of reasonableness as to be irrational." *O'Neill*, 499 U.S. at 67 (internal quotation marks omitted). Pinkney's failure to establish such a breach by the Union also required dismissal of her § 301 claim against Progressive.

Accordingly, the district court properly granted the Union's motion for summary judgment and Progressive's motion to dismiss. We have considered all of Pinkney's remaining claims of error and determine them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4