08-5186-pr
Vertefeuille v. Houde

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of  March, two thousand ten.

PRESENT:

> Amalya L. Kearse,
> Peter W. Hall,
> > *Circuit Judges*,
> Jed S. Rakoff,[*]
> > *District Judge.*

_____

Kevin Vertefeuille,

> *Plaintiff-Appellant*,

> v.                                                                      08-5186-pr

Amy Houde, Health Services Administrator,

> *Defendant-Appellee*.

_____

FOR APPELLANT:          Kevin Vertefeuille, *pro se*, Newtown, CT.

_____

[*]The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEES: Richard Blumenthal, Attorney General of the State of Connecticut; Ann E. Lynch, Assistant Attorney General, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*) **UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Kevin Vertefeuille, *pro se*, appeals the district court's grant of the Defendant's motion for summary judgment, dismissing his 42 U.S.C. § 1983 complaint alleging a violation of his Eighth Amendment rights. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003); *Republic Nat'l Bank v. Delta Air Lines*, 263 F.3d 42, 46 (2d Cir. 2001). "In determining whether there are genuine issues of material fact, we are 'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997)). "The mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient; there must be evidence on which [a] jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Here, even construing, as we must, all the facts in Vertefeuille's favor, the district court properly granted the Defendant's motion for summary judgment, as Vertefeuille failed to present

any evidence to contradict the affidavit of the Defendant's medical expert, who stated that Vertefeuille's behavior leading to the issuance of the disciplinary reports was the result of his antisocial personality disorder and impulse control disorder, not his bipolar disorder. Accordingly, we affirm the district court's judgment for substantially the same reasons as set forth in that court's thorough and well-reasoned opinion.

We have considered all of Vertefeuille's contentions on this appeal and have found them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk