09-1759-cv
Gelin v. Geithner

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of May, two thousand ten.

PRESENT:
> ROGER J. MINER,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> DAVID G. TRAGER,[*]
> > *District Judge*.

——————————————————————————

YVES GELIN,

> *Plaintiff-Appellant*,

> v.                                                                          09-1759-cv

TIMOTHY GEITHNER, SECRETARY OF THE TREASURY,

> *Defendant-Appellee*.

——————————————————————————

---

[*] Honorable David G. Trager, Senior Judge of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT:          Yves Gelin, *pro se*, Yonkers, NY.

FOR APPELLEE:           Preet Bharara, United States Attorney for the Southern District of New York; Carolina A. Fornos and Benjamin H. Torrance, Assistant United States Attorneys, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Yves Gelin, *pro se*, appeals the judgment of the district court granting the Defendant-Appellee Timothy Geithner's (the "Secretary") motion for summary judgment, and dismissing his discrimination, retaliation, and hostile work environment claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003); *Republic Nat'l Bank v. Delta Air Lines*, 263 F.3d 42, 46 (2d Cir. 2001); *Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir. 1999). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).

Here, even construing all the facts in Gelin's favor, the district court's grant of summary

judgment was proper.  Contrary to Gelin's arguments on appeal, the district court correctly determined that, even if he established a *prima facie* case of discrimination and retaliation, those claims failed as a matter of law because the Secretary had articulated legitimate reasons for his actions, and Gelin produced no evidence showing that those stated reasons were pretextual. Moreover, under the totality of the circumstances, the district court rightly concluded that the incidents cited by Gelin were not so "severe or pervasive to alter the conditions of [his] employment and create an abusive working environment."  *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002) (internal quotation marks omitted).  We have considered all of Gelin's remaining claims of error and determined them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk