09-0722-pr
Melendez v. Wilson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand ten.

PRESENT:
> ROBERT A. KATZMANN,
> DENNY CHIN,
> > *Circuit Judges*,
> EDWARD R. KORMAN,[*]
> > *District Judge.*

------------------------------------------------

MICHAEL MELENDEZ,

> *Plaintiff-Appellant*,

> v.                                             09-0722-pr

MITCHELL, ALLEN, and J. MCDONALD,

> *Defendants-Appellee*s.

------------------------------------------------

--------

[*] The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT:        Michael Melendez, *pro se*, Attica, NY.

FOR APPELLEES:        Andrew M. Cuomo, Attorney General of the State of New York;
                      Barbara D. Underwood, Solicitor General; Nancy A. Spiegel,
                      Senior Assistant Solicitor General; Zainab A. Chaudhry, Assistant
                      Solicitor General (*on the brief*), Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hood, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Michael Melendez, *pro se*, appeals the judgment of the district court granting the Defendants' motion for summary judgment, and dismissing his 42 U.S.C. § 1983 complaint alleging violations of his First Amendment rights.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law.  *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003); *Republic Nat'l Bank v. Delta Airlines*, 263 F.3d 42, 46 (2d Cir. 2001); *Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir. 1999).  In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).  However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the

2

plaintiff." *Jeffreys v. City of New York,* 426 F.3d 549, 554 (2d Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (2d Cir. 1986)) (emphasis in *Jeffreys*). Thus, a nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and cannot "rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks omitted).

Although Melendez asserts that the district court failed to consider various disputed material facts relevant to his claims, our review of the record reveals no such error. *See Jeffreys*, 426 F.3d at 554 (in reviewing the district court's grant of summary judgment, "[o]ur inquiry focuses on whether the District Court erred in concluding, upon review of the record as a whole, that there were no *genuine* issues of material fact [i.e.,] . . . that even after drawing all inferences in the light most favorable to [the plaintiff], no reasonable jury could have issued a verdict in his favor") (emphasis in original). Melendez failed to produce any independent evidence corroborating his unsupported allegations that the Defendants intentionally discarded or destroyed his personal property in retaliation for him filing a complaint against a corrections officer at the facility in which he was incarcerated. In contrast, the Defendants presented substantial evidence that Melendez's property was not in fact destroyed, or, even if it was, that the specific Defendants whom Melendez named in his complaint had neither the means nor the opportunity to do so. Similarly, Melendez failed to present any credible evidence that the Defendants intentionally discarded or destroyed his grievances as a means of retaliation; indeed, that Melendez successfully filed grievances during the period in which he alleged the Defendants retaliated against him obviates any circumstantial inference that the difficulties he may have suffered in submitting a particular grievance were intentionally caused by the Defendants.

3

Finally, to the extent Melendez challenges the district court's discovery orders, we review those orders for abuse of discretion, *see In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 102 (2d Cir. 2008), and find none.  The record indicates that the district court gave adequate consideration to Melendez's discovery requests, and its refusal to order the Defendants to produce copies of all inmate grievances filed against them concerning discarded or destroyed personal property was reasonable given the unbounded scope of this request.

We have considered all of Melendez's remaining claims and found them to be without merit; accordingly, there is no basis upon which to challenge the district court's judgment.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court