09-4586-cv
Robinson v. American International Group

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of October, two thousand ten.

PRESENT:   AMALYA L. KEARSE,
              ROSEMARY S. POOLER,
              RICHARD C. WESLEY,
                 *Circuit Judges.*

---

LYNETTE ROBINSON,

     *Plaintiff-Appellant*,

     v.                                                      09-4586-cv

AMERICAN INTERNATIONAL GROUP, ANTHONY DESTEFANO, MATTHEW FRANKEL, AMERICAN HOME ASSURANCE COMPANY,

     *Defendants-Appellees*.

---

FOR APPELLANT:        Lynette Robinson, *pro se*, Maplewood, NJ.

FOR APPELLEES:        Kenneth W. Gage, Paul, Hastings, Janofsky & Walker LLP, Chicago, IL.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*)

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Lynette Robinson, who is proceeding *pro se* on appeal, appeals the judgment of the district court granting the Defendants' motion for summary judgment, and dismissing her claims for retaliation under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA"); race discrimination under the Civil Rights Act of 1866, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"); disability discrimination and retaliation under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"); and various claims under New York State and New York City law.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003); *Republic Nat'l Bank of N.Y. v. Delta Airlines*, 263 F.3d 42, 46 (2d Cir. 2001); *Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir. 1999). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks and citation omitted).

Following an exhaustive review of the record, we conclude that the district court correctly granted summary judgment to the Defendants on all of Robinson's claims, based on substantially the same reasons as articulated by that court in its detailed memorandum and order. Furthermore, we have considered all of Robinson's claims of error on appeal and find them to be without merit. Accordingly, there is no basis upon which to overturn the underlying judgment.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk