09-0833-cv
Fox v. Nat'l R.R. Passenger Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of March, two thousand ten.

PRESENT:
        DENNIS JACOBS,
                Chief Judge,
        GERARD E. LYNCH,
                Circuit Judge,
        JANE A. RESTANI,[*]
                Judge.

_____

Terrance D. Fox,

        *Plaintiff-Appellant*,

        v.                                          09-0833-cv

National Railroad Passenger Corporation,
a/k/a Amtrak,

        *Defendant-Appellee*.

_____

[*] The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

FOR APPELLANT:       Terrance D. Fox, *pro se*, Schenectady, NY.

FOR APPELLEE:        Glen P. Doherty, McNamee, Lochner, Titus & Williams, P.C., Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*)

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Terrance D. Fox, *pro se*, appeals the judgment of the district court granting Amtrak's motion for summary judgment, and dismissing his hostile work environment and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Because Fox does not challenge the district court's dismissal of hostile work environment claims, those claims are abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (when a litigant, even if proceeding *pro se*, raises an issue before the district court but does not raise it on appeal, it is abandoned); *see also Zhang v. Gonzales*, 426 F.3d 540, 546 n.7 (2d Cir. 2005) (holding that a party's "single conclusory sentence" in his brief on appeal regarding a claim of error was tantamount to a waiver of that claim); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003); *Republic Nat'l Bank of New York v. Delta Air Lines*, 263 F.3d 42, 46 (2d Cir. 2001); *Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir. 1999). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).

Here, even construing all the facts in Fox's favor as we must, the district court properly granted summary judgment to Amtrak. Accordingly, we affirm the district court's judgment for substantially the same reasons as articulated by that court. Additionally, we have considered all of Fox's remaining claims of error and determined them to be without merit; thus, there is no basis on which to challenge the judgment of the district court.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3