08-3595-cv
Burgess v. Fairport Central School District

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand ten.

PRESENT:
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> > Circuit Judges,
> DENNY CHIN,[*]
> > District Judge.

_____

Susan N. Burgess, Carmen Coleman,

> Plaintiffs-Appellants,

> v.                                                                 08-3595-cv

Fairport Central School District, Board of
Education of the Fairport Central School
District, Kevin Ratcliffe, in his personal
and official capacities, Goldstein, Ackerhalt
& Pletcher, LLP, Jay C. Pletcher,

> Defendants-Appellees.

_____

---

[*]The Honorable Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANTS:          Susan N. Burgess, pro se, Brockport, NY.

FOR APPELLEES:           Frank W. Miller, East Syracuse, NY (for Fairport Central Sch.
                         Dist., Bd. of Ed. of Fairport Central Sch. Dist., and Kevin
                         Ratcliffe); Charles C. Swanekamp and Bradley A. Hoppe, Jaeckle
                         Fleischmann & Mugel, LLP for Goldstein, Ackerhalt & Pletcher,
                         and Jay C. Pletcher).

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellants Susan N. Burgess and Carmen Coleman, pro se, appeal a judgment of the United States District Court for the Western District of New York granting the Defendants' motions for summary judgment, and dismissing their claims under 42 U.S.C. § 1983, 18 U.S.C. § 2520, the Fourth Amendment, and various state laws. On appeal, Appellants argue that the district court erred by finding that there were no genuine issues of material fact, and by denying their request for discovery. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the specification of the issues on appeal.

We review a district court's grant of summary judgment de novo and focus on whether the court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003); Republic Nat'l Bank v. Delta Airlines, 263 F.3d 42, 46 (2d Cir. 2001); Allstate Ins. Co. v. Mazzola, 175 F.3d 255, 258 (2d Cir. 1999). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotations omitted).

After a thorough and exhaustive review of the record, we conclude that the district court properly granted the Defendants' motions for summary judgment. In their opposition to the motions, the Appellants offered no specific facts supporting their allegations or disputing the evidence submitted by the Defendants. Rather, they reiterated their unfounded suspicions that the Defendants had used a "PDA" device to eavesdrop on their private communications, and offered an alternative theory—unsupported by any facts—for how this could have been accomplished.

As the district court correctly held, these facts were insufficient to satisfy their burden of opposing the Defendants' motions. See Fed. R. Civ. P. 56(e) (a party opposing summary judgment must "set out specific facts showing a genuine issue for trial"); Bickerstaff v. Vassar Coll., 196 F.3d 435, 452 (2d Cir. 1999) ("Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment."); Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996) ("[C]onclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary

judgment.").

In addition, the district court correctly denied the Appellants' request for discovery prior to its entry of summary judgment. We acknowledge that summary judgment is usually granted only "after discovery" and if "the nonmoving party has failed to make a sufficient showing of an essential element of [its] case with respect to which [it] has the burden of proof." Hellerstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2001) (internal quotation marks omitted). We review a denial of a request for additional discovery under Fed. R. Civ. P. 56(f) for abuse of discretion. Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994).

Apart from the fact the Appellants failed to properly file an affidavit pursuant to Fed. R. Civ. P. 56(f) setting forth the essential facts they sought to discover, which itself is grounds for the denial of such a request, see Paddington Partners, 34 F.3d at 1137, Appellants' request was based solely on conjecture and speculation. Appellants did not substantiate their general belief that discovery would have produced facts relevant to their claims, and consequently, the district court did not abuse its discretion in denying the request.

We have considered all of the Appellants' remaining claims of error and determined that they are without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3